1  Michele R. Stafford, Esq. (SBN 172509)
   Matthew P. Minser, Esq. (SBN 296344)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, California  94104
   Telephone: (415) 882-7900
4  Facsimile: (415) 882-9287
   Email: mstafford@sjlawcorp.com
5  Email: mminser@sjlawcorp.com

6  Attorneys for Plaintiffs, Boards of Trustees
   of the Sheet Metal Workers Pension Trust
7  of Northern California, et al.

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  BOARDS OF TRUSTEES OF THE SHEET            Case No.
    METAL WORKERS PENSION TRUST OF
12  NORTHERN CALIFORNIA;                       **COMPLAINT**

13  SHEET METAL WORKERS LOCAL 104
    HEALTH CARE TRUST;
14
    SHEET METAL WORKERS LOCAL 104
15  SUPPLEMENTAL PENSION FUND;

16  SHEET METAL WORKERS LOCAL 104
    VACATION-HOLIDAY SAVINGS FUND;
17
    SHEET METAL WORKERS LOCAL 104 AND
18  BAY AREA INDUSTRY TRAINING FUND;

19  RICK WERNER and SEAN O'DONOGHUE,
    Trustees; and
20
    SHEET METAL WORKERS INTERNATIONAL
21  ASSOCIATION LOCAL UNION 104,

22
                 Plaintiffs,
23
          v.
24
    MARTIN GUIDI, individually and doing business
25  as CRANE HEATING & AIR CONDITIONING;

26  CRANE AIR CONDITIONING, INC., a California
    corporation.
27
                 Defendants.
28

-1-

**COMPLAINT**
**Case No.:**

Parties

1.     The Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Health Care Trust, Sheet Metal Workers Local 104 Supplemental Pension Fund, Sheet Metal Workers Local 104 Vacation-Holiday Savings Fund, and Sheet Metal Workers Local 104 And Bay Area Industry Training Fund, are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). Plaintiffs Boards of Trustees are the named fiduciaries of Plaintiffs' Trust Funds under ERISA §402(a), 29 U.S.C. §1002(a). Plaintiffs Rick Werner and Sean O'Donoghue are Trustees of the Trust Funds with authority to act on behalf of all Trustees. Plaintiffs Board of Trustees of the Sheet Metal Workers Pension Trust are authorized to bring suit and collect monies for all Plaintiffs, including all other funds to which Defendants are obligated to contribute under the Bargaining Agreements described below. These employee benefit plans and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs".

2.     Sheet Metal Workers International Association Local Union 104 ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of Plaintiffs, and not for any other cause of action.  The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

3.     Martin Guidi, individually and doing business as Crane Heating & Air Conditioning, and Crane Air Conditioning, Inc., a California corporation ("Defendants") are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

Jurisdiction

4.     Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5.     Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and

-2-

**COMPLAINT**
**Case No.:**

1    conditions of a valid Bargaining Agreement.

2         6.    To the extent jurisdiction over any claim does not exist under ERISA or the LMRA,

3    supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they

4    arise out of a common nucleus of operative facts that form the basis of the federal claims asserted

5    herein, each of which has a substantial ground in federal jurisdiction.

6                                                    Venue

7         7.    Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action

8    is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs'

9    discretion, in the district where the plan is administered, where the breach took place, or where a

10   defendant resides or may be found, and process may be served in any other district where a defendant

11   resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their

12   principal place of business in San Ramon, California. Thus, jurisdiction and venue are properly

13   grounded with this Court.

14        8.    Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. §

15   185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business

16   in this district, its duly authorized officers or agents are engaged in representing employee members in

17   this district, and the claims arise in this district.

18                                          Intradistrict Assignment

19        9.    The basis for assignment of this action to this court's Oakland Division is that all of the

20   events and omissions giving rise to Plaintiffs' claims occurred in the County of Contra Costa, where

21   ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendants therefore

22   failed to fulfill their statutory and contractual obligations to Plaintiffs.

23                                          Bargaining Agreements

24        10.   Martin Guidi, as the sole owner of Crane Heating & Air Conditioning, entered into the

25   both the Residential Agreement and the Standard Form of Union Agreement between the Union and

26   Bay Area Association of SMACNA Chapters (the "Bargaining Agreements"). The Bargaining

27   Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Funds ("Trust

28

                                                     -3-

**COMPLAINT**
**Case No.:**

Agreements"), require Defendants to make payment of employer contributions to Plaintiffs' Trust Funds, to the union for union dues, and to the other plans more fully described in the Bargaining Agreements and the Plan Documents of the ERISA Trusts. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

11.     Martin Guidi, as the sole owner of Crane Heating & Air Conditioning, also entered into a Subscription Agreement with the Sheet Metal Workers Pension Plan of Northern California (the "Subscription Agreement").

12.     Plaintiffs are informed and believe that Defendant Martin Guidi, individually and doing business as Crane Heating & Air Conditioning, and Defendant Crane Air Conditioning, Inc. are a single employer.

13.     Under the terms of the Bargaining Agreements, and the Trust Agreements incorporated therein, Defendants are required to pay certain contributions to: the International Training Institute, National Energy Management Institute, Robert G. Mammini Sheet Metal Workers Local Union No. 104 Scholarship Fund, Contractor Association Industry Fund, Sheet Metal Workers Local 104 Supplemental Health Care Plan, Sheet Metal Workers Local 104 Union Dues Check-Off, Sheet Metal Occupational Health Institute Trust, and the SMACNA Industry Fund (collectively referred to herein as the "Bargained Plans"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Plans under the Bargaining Agreements and Trust Agreements.

14.     Under the Bargaining Agreements, and the Trust Agreements incorporated therein, as well as the Subscription Agreement, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees.  Contributions are due on the twenty-second (22nd) day of the month following the month during which hours were worked, and are considered delinquent if not received by that day. Also under the terms of the Bargaining Agreements, and the Trust Agreements incorporated therein, as well as the Subscription Agreement, Defendants are required to pay liquidated damages for each delinquent contribution payment, and interest on unpaid contributions from the delinquent date until paid, at the rates set by the Bargaining Agreements and Trust Agreements. Finally,

-4-

**COMPLAINT**
**Case No.:**

1  the Bargaining Agreements and the Trust Agreements, as well as the Subscription Agreement require

2  Defendants to reimburse Plaintiffs for attorneys' fees and costs incurred in relation to the collection of

3  Defendants' delinquent contributions.

4       15.    The Bargaining and Trust Agreements, as well as the Subscription Agreement, further

5  require Defendants to permit an authorized Trust Fund representative to examine such records of

6  Defendants as is necessary to determine whether Defendants have made full payment of all sums owed

7  to ERISA Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide

8  full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse Plaintiffs for the

9  amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and

10  Trust Agreements and the Subscription Agreement.

11  Factual Allegations

12       16.    Defendants have failed and refused to comply with an audit of their payroll records for

13  the period from July 1, 2012 through June 30, 2016, and have failed and refused to pay liquidated

14  damages and interest incurred on their late-paid contributions for the months of September and October

15  2015; January, February, April, July, and October 2016; and April 2017.

16       17.    Plaintiffs are also entitled to recover any and all contributions, and all liquidated

17  damages and interest on delinquent contributions, found due on timecards, further audit, or otherwise,

18  including estimated contributions for any months Defendants failed to report to Plaintiffs, through the

19  time of Judgment.  Plaintiffs reserve the right to conduct a further audit to determine whether there are

20  any additional amounts due from Defendants.

21  **FIRST CAUSE OF ACTION**

22  **For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

23       18.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17, above.

24       19.    Defendants have a contractual duty to timely pay the required contributions to Plaintiffs

25  and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreements

26  and Trust Agreements, as well as the Subscription Agreement. Defendants also have a contractual duty

27  under the Bargaining Agreements, and Trust Agreements incorporated therein, as well as the

28

-5-

**COMPLAINT**
**Case No.:**

1  Subscription Agreement, to permit an audit of their records to determine whether they are making full

2  and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts

3  found due as a result of an audit, including audit fees.

4          20.     In addition, Defendants have a statutory duty to timely make the required payments to

5  Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

6          21.     By failing to make the required payments to Plaintiffs and refusing to permit an audit of

7  their records, Defendants breached the Bargaining Agreements and is in violation of ERISA § 515, 29

8  U.S.C. § 1145, and LMRA § 301(a).

9          22.     Defendants' failure and refusal to permit the audit and pay the required contributions

10  was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreements, and

11  incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged. Said

12  refusal is unjustified and done with knowledge and intent.

13          23.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and

14  irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations

15  required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA,

16  29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to

17  refuse to perform as required thereunder.

18          24.     This Court is authorized to issue injunctive relief based on the traditional standard. As

19  set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the

20  possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The

21  balance of hardships and advancement of public interest favor ERISA Plaintiffs.

22          25.     This Complaint does not in any manner relate to statutory withdrawal liability that may

23  or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any

24  such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents,

25  Trust Agreements, and the law.

26                                                    Prayer

27          WHEREFORE, Plaintiffs pray as follows:

28

-6-

**COMPLAINT**
**Case No.:**

1       1.     For an order,

(a)     requiring that Defendants comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements, the Trust Agreements, and the Subscription Agreement, including permitting an audit of their records as requested by Plaintiffs;

(b)     enjoining Defendants from violating the terms of those documents and of ERISA; and

(c)     enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendants' business until said terms have been complied with.

2.     For a judgment against Defendants as follows:

(a)     Any unpaid contributions, due at time of Judgment, including those determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

          i.     To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

          ii.     To the Union in accordance with the Bargaining Agreements.

(b)     Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c)     Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

3.     Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

4.     That the Court retain jurisdiction of this case pending compliance with its orders.

-7-

**COMPLAINT**
**Case No.:**

1      5.    For such other and further relief as the Court may deem just and proper.

2
Dated: August 24, 2017                                SALTZMAN & JOHNSON
3                                                      LAW CORPORATION

4

5                                      By:  _____/S/_____
                                            Matthew P. Minser
6                                           Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**-8-**

**COMPLAINT**
**Case No.:**