Matthew P. Minser, Esq. (SBN 296344)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, California 94502
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com

Attorneys for Plaintiffs, Board of Trustees
of the Sheet Metal Workers Pension Trust of
Northern California, et. al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARTIN GUIDI, individually and doing business as CRANE HEATING & AIR CONDITIONING;<br><br>CRANE AIR CONDITIONING, INC., a California corporation.<br><br>Defendants. | Case No. 17-cv-4936 JSW<br><br>**NOTICE OF MOTION AND MOTION REQUESTING THE COURT ISSUE AN ORDER TO SHOW CAUSE RE CONTEMPT AND FOR ATTORNEYS FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      June 25, 2021<br>Time:     9:30 a.m.<br>Location: via Zoom<br>Judge:    Magistrate Judge Joseph C. Spero |

TO DEFENDANTS MARTIN GUIDI, individually and doing business as CRANE HEATING & AIR CONDITIONING, and CRANE AIR CONDITIONING, INC., a California corporation, (collectively "Defendants"):

PLEASE TAKE NOTICE that pursuant to the California Code of Civil Procedure, § 708.170, Magistrate Judge Joseph C. Spero's Orders to Appear for Examination (Dkt #'s. 47, 49, 51, 57, 60), Plaintiffs BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, et. al. ("Plaintiffs") will and do hereby move for an order to show cause

1

regarding Defendant Martin Guidi's failure to appear for a debtor's examination. Plaintiffs also seek an award of post-judgment attorneys' fees incurred by Plaintiffs in this matter relative to the debtor's examination. A hearing shall be conducted on June 25, 2021 at 9:30 a.m., or as soon thereafter as counsel may be heard, before the Magistrate Judge Joseph C. Spero, via Zoom conference, or as otherwise ordered.

  This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, and the Declaration of Matthew P. Minser filed concurrently herewith, in support of Plaintiffs' Motion.

Dated: April 30, 2021

SALTZMAN & JOHNSON
LAW CORPORATION

By:  /S/
  Matthew P. Minser, Esq.
  Attorneys for Plaintiffs
  Board of Trustees of the Sheet Metal Workers
  Pension Trust of Northern California, et. al

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF RELIEF SOUGHT

Plaintiffs seek an order to show cause regarding Defendant Martin Guidi's failure to appear on March 6, 2020 for a debtor's examination and an order granting post-judgment attorneys' fees incurred by Plaintiffs in this matter relative to the debtor's examination, in accordance with California Code of Civil Procedure ("CCP") § 708.170 (a)(1) and Magistrate Judge Joseph C. Spero's Order to Appear for Examination ("Order").

Pursuant to the Order, Mr. Guidi was ordered to personally appear to be examined under oath concerning his property or other matters material to the proceeding. (*See* Dkt. # 47; *See also* Dkt #s 49, 51, 57, and 60; *See also* Declaration of Matthew P. Minser ("Minser Decl.") in Support of Plaintiffs' Motion for Order to Show Cause and Attorneys' Fees ¶¶ 4, 5 and 9.)  On March 6, 2020, Mr. Guidi failed to appear for the examination. (Minser Decl. at ¶ 9.) Mr. Guidi was properly served and has not provided good cause for his failure to appear. (*Id*.)

Further, in accordance with California Code of Civil Procedure § 708.170 (a)(2), Plaintiffs also seek to recover post-judgment attorneys' fees incurred by Plaintiffs in this matter relative to the debtor's examination as follows[1]:

| | |
|---|---|
| Attorneys' Fees (7/10/19 through 3/31/21): | **$7,955.50** |
| Costs (7/10/19 through 3/31/21): | **$5,935.82** |
| **Total Attorneys' Fees and Costs:** | **$13,891.32** |

(*See* Minser Decl. at ¶¶ 10-20.)

## II. PROCEDURAL BACKGROUND

### a. This Court Entered Judgment Against Defendants on December 19, 2018.

On December 19, 2018, United States District Judge Jeffrey S. White entered judgment in favor of Plaintiffs and against all Defendants in this action. (Minser Decl. ¶ 2.) Thereafter, Plaintiffs filed an Application and Order for Appearance and Examination (Dkt. # 42) and on July 17, 2019, the case was

---

[1] Judge Hixson's Report and Recommendation (Dkt. 38 - adopted as the Court's Order via Dkt. 40) Includes attorneys' fees through September 30, 2018).

reassigned to Magistrate Judge Joseph C. Spero for Post-Judgment/Collections. (*Id*.) (*See also* Dkt. 44). The total judgment entered is in the amount of $81,511.85. (*Id*.)

### b. Plaintiffs Served Defendant Martin Guidi the Documents Related to the Debtor's Examination.

On July 29, 2019, Plaintiffs' Counsel filed an updated application and order for appearance and examination of Defendant and Judgment Debtor Martin Guidi. (*Id*. at ¶ 3; *See also* Dkt. 45.) On July 29, 2019, this Court issued an order setting examination of Judgment Debtor Mr. Guidi. (*Id*. at ¶ 4 *See also* Dkt. 47.)

Pursuant to the terms of the Order, Mr. Guidi was ordered to personally appear on September 13, 2019 at 9:30 a.m., before Magistrate Judge Joseph C. Spero, to be examined under oath concerning his property or other matters material to the proceeding. (*Id*.) The order further stated that should Mr. Guidi fail or refuse to appear at the examination, Mr. Guidi may be subject to arrest and punishment for contempt of Court, and the Court may make an order requiring him to pay the reasonable attorneys' fees incurred by the judgment creditor in this proceeding. (*Id*.)

Plaintiffs attempted, but were unable to serve Judgment Debtor Martin Guidi with the Court's orders for debtor's exams, resulting in multiple continuances (Dkt #s. 49, 51, 57, 60). Plaintiffs' diligent service efforts are documented in their requests to continue the debtor's exam (Dkt. #s 48, 50, 56, 59). Upon Plaintiffs' most recent request, on January 8, 2020, the Court rescheduled the Debtor's Examination for March 6, 2020. (*Id*. at ¶ 5; *see also* Dkt. # 60.)

On February 21, 2020, Mr. Guidi was served by substituted service on Patrick Guidi, an individual of suitable age and discretion, at "3250 Hudson Ave. Walnut Creek, CA 94597" or Defendant Guidi's residence or usual place of above. (*Id*. at ¶ 6.) Not only did the served individual have the same last name as Judgment Debtor Martin Guidi, but this address matched the address for Judgment Debtor Martin Guidi pursuant to a Lexis Nexis search previously performed by Plaintiffs' Counsel. (*Id*. at ¶ 6.)

Thereafter, on March 3, 2020, Plaintiffs' counsel mailed true and correct copies the documents corresponding to the debtor's examination by placing them in a sealed envelope and placing the

envelope for collection and First-Class mailing following ordinary business practices. (*Id*. at ¶¶ 7, 8; *see also* Dkt. 62.)

### c. Defendant Martin Guidi Failed to Appear to the Debtor's Examination.

On March 6, 2020, Plaintiffs' counsel appeared to examine Mr. Guidi, pursuant to Magistrate Judge Spero's order. (Minser Decl. at ¶ 9.) Plaintiffs provided a court reporter for the examination (at an out-of-pocket cost of $1,450.00). Mr. Guidi failed to appear for the examination. (*Id*.) To date, Mr. Guidi has not provided an explanation or otherwise provided good cause for failing and refusing to appear for the examination. (*Id*. at ¶ 9.)

### d. Plaintiffs Have Incurred Additional Fees and Costs due to its Efforts to Secure the Judgment Amount.

Attorneys' fees and costs have accrued due to Plaintiffs' efforts to request the debtor's exam, continue the debtor's exam four times due to Judgment Debtor Martin Guidi's apparent attempts to evade service, to appear on March 6. 2020 to conduct the debtor's exam, and to prepare and file this Motion. (Minser Decl. at ¶ 10.) Accordingly, Plaintiffs have no alternative but to file this Motion for an Order to Show Cause and Attorneys' Fees. (*Id*.) Plaintiffs are therefore entitled to recover their reasonable attorneys' fees and costs incurred in this matter in the total amount of **$13,891.32** (*Id*. at ¶¶ 14-20.)

## III.    LEGAL ARGUMENT

### A.    The Court Should Issue an Order to Show Cause Because Defendant Martin Guidi Failed to Appear for Examination After Being Properly Served.

Pursuant to Federal Rule of Civil Procedure 69, the procedure on the execution of a money judgment, and in proceedings supplementary to and in aid of judgment or execution, must accord with the procedure of the state where the court is located. (*See also In re Estate of Ferdinand Marcos Human Rights Litigation*, (9th Cir. 2008) 536 F.3d 980, 988). Accordingly, pursuant to California Code of Civil Procedure (CCP) § 708.110(a), Plaintiffs applied for and were granted an order requiring the judgment debtor, Martin Guidi, to appear before the court to furnish information to aid in the enforcement of the money judgment on March 6, 2020. (Minser Decl. at ¶ 3.) Plaintiffs properly served a copy of the order

on the judgment debtor, in accordance with CCP § 708.110 (d). (Minser Decl. at ¶ 6.)

Pursuant to CCP § 708.170 (a)(1)(A), if the person required to appear for an examination fails to appear, the court may have the person brough before the court to answer for the failure to appear and may punish the person for Contempt. Additionally, if the Court finds that the person's failure is without good cause, the judgment creditor shall be awarded reasonable attorney's fees incurred in the examination proceeding. CCP § 780.170 (a)(2). Accordingly, "due process mandates adequate notice and opportunity to be heard," prior to the imposition of civil contempt. (*Eby v. Chaskin*, (2nd Dist), 47 Cal. App. 4th 1045, 1049, quoting *Barrientos v. City of Los Angeles* (1994) 30 Cal. App. 4th 63, 70.)

Here, Defendant and Judgment Debtor Martin Guidi's failed to appear at the ordered examination. (Minser Decl. ¶ 9.) As Defendant has did not appear for the ordered examination, Plaintiffs now seek an order to show cause and attorneys' fees, for his failure to appear for an examination as ordered by the Court.

Further, if Defendant further fails to provide good cause, Plaintiffs request that the Court hold Defendant Martin Guidi in civil contempt. (CCP § 780.170(a)(1)(A))

**B.     There is Clear and Convincing Evidence that Defendant Martin Guidi Disobeyed the Order to Appear for Examination.**

### i.     The Standard for Civil Contempt.

Civil contempt consists of a party's intentional disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. (*Go-Video v. Motion Picture Ass'n of Am.* (*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*) (9th Cir. 1993) 10 F.3d 693, 696.) The Ninth Circuit held that contempt "need not be willful," and there is no good faith exception to the requirement of obedience to a court order. (*Id.*) Further, the party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by "clear and convincing evidence," not merely a preponderance of the evidence. (*Id.* at 696; *See also Vertex Distribution v. Falcon Foam Plastics, Inc.*, (9th Cir.) 689 F.2d 885, 889.)  Here, as discussed below, there is clear and convincing evidence that Mr. Guidi intentionally disobeyed the General Order to appear for an examination.

//

### ii. The General Order was Specific and Definite.

For an order to be enforceable, it must be specific in terms. The Ninth Circuit held that "where the language of a consent judgment is too vague, it cannot be enforced; to do so would be an invalid exercise of judicial authority." (*Vertex*, 689 F.2d at 889; *See also International Longshoremen's Association, Local 1291 v. Philadelphia Marine Trade Association*, (1967) 389 U.S. 64, 76.) Pursuant to CCP § 708.110 (a) a proper order requiring the examination of a judgment debtor must include (1) an order to appear before the court, or before a referee appointed by the court, (2) at a time and (3) place specified in the order, to furnish information to aid in enforcement of the money judgment.

On July 29, 2019, after issuing a judgment against Defendants, this Court issued a specific order, setting the examination of Judgment Debtor Mr. Guidi. (Minser Decl. ¶ 4.) Pursuant to the Order, Mr. Guidi was ordered to personally appear on September 13, 2019 at 9:30 a.m., before Magistrate Judge Joseph C. Spero. (*Id*.; *See also* Dkt. 47.) After multiple continuances of the debtor's examination date due to inability to serve Judgment Debtor Mr. Guidi, the Court thereafter issued a new Order, rescheduling the Debtor's Examination for March 6, 2020. (*Id*. at ¶ 5; *See also* Dkt. 60.) Judgment Debtor Mr. Guidi did not appear for the debtor's examination. Therefore, pursuant to CCP § 708.110 (a), this was a proper and specific order.

### iii. Without Cause, Mr. Guidi Intentionally Disobeyed a Specific Order.

The party to be held in civil contempt must intentionally disobey a specific and definite court order by failure to take all reasonable steps within the party's power to comply. (*Go-Video*, 10 F.3d at 696.) On February 21, 2020, Plaintiffs properly sub-served Mr. Guidi at his abode with a copy of the Orders setting the examination and thereby notified Mr. Guidi of the examination on March 6, 2020. (Minser Decl. at ¶ 6; *See also* Dkt. # 62.) However, on March 6, 2020, Mr. Guidi did not appear for the examination. (*Id*. at ¶ 9.) To date, Mr. Guidi has not contacted Plaintiffs or attempted to otherwise provide an explanation for his failure to appear. (*Id*..) As such, Mr. Guidi's failure to appear was intentional.

### iv. Mr. Guidi Must Establish Substantial Compliance with the Order to Appear for Examination.

The Ninth Circuit held that a person should not be held in contempt if his action "appears to be based on a good faith and reasonable interpretation of the court order." (*Go-Video*, 10 F.3d at 696.) Accordingly, "substantial compliance" with a court order is a defense and is not vitiated by a "few technical violations" where every reasonable effort has been made to comply. (*Id.*; *See also Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, (9th Cir. 1982), 689 F.2d 885, 889 (quoting *Rinehart v. Brewer*, (S.D. Iowa 1980).483 F. Supp. 165, 171.)) To date, Mr. Guidi has not communicated or notified the Court that he attempted to appear or otherwise, substantially complied with the Order to Appear for Examination. (Minser Decl. ¶ 9.) Therefore, in order to avoid being held in civil contempt, Mr. Guidi must provide evidence of substantial compliance or establish that he took every reasonable effort to comply with the Order to Appear for Examination. Without such substantial compliance, Mr. Guidi must be held in Civil Contempt. There are no facts known to Plaintiffs that justify Mr. Guidi's failure to appear at the Examination.

### C. Plaintiffs are Entitled to Recover Attorneys' Fees and Costs Incurred in the Examination Proceedings.

Pursuant to CCP § 708.170 (a)(2), the judgment creditor shall be awarded reasonable attorney's fees incurred in the examination proceeding. Attorney's fees awarded against the judgment debtor shall be added to and become part of the principal amount of the judgment. (CCP § 708.170 (a)(2).) Here, Plaintiffs seek reimbursement for **$13,891.32** in attorneys' fees and costs incurred over seeking to request the debtor's exam, continue the debtor's exam four times due to Judgment Debtor Martin Guidi's apparent attempts to evade service, to appear on March 6. 2020 to conduct the debtor's exam, and to prepare and file this Motion (including Court Reporter costs of $1,450.00 incurred on March 6, 2020). (*See* Minser Dec. ¶ 12-20.) Plaintiffs' counsel has submitted a declaration indicating the hours each professional spent throughout the examination proceedings, along with their hourly rates, their professional backgrounds, and details regarding the tasks completed. (*Id.*) All amounts incurred in the examination proceedings are reasonable and must be awarded to Plaintiffs finding Mr. Guidi in civil

contempt.

## IV. CONCLUSION

In conclusion, Plaintiffs seek an order requiring Defendant Martin Guidi to show cause for his intentional failure to appear for an examination, as ordered by this court. If Defendant Martin Guidi fails to show cause, then Plaintiffs ask that this Court hold him in Civil Contempt, pursuant to CCP § 708.170. Additionally, Plaintiffs request that they be awarded attorneys' fees incurred in the examination proceedings in the amount of **$13,891.32.**

Dated: April 30, 2021

SALTZMAN & JOHNSON LAW CORPORATION

By: _____/S/_____
Matthew P. Minser, Esq.
Attorneys for Plaintiffs, Board of Trustees
of the Sheet Metal Workers Pension Trust of
Northern California, et. al.